IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL HILL,<br>　　**Plaintiff** : <br>: <br>　　　v. : <br>: <br>DR. MOCLOCK, <u>et al.</u>, : <br>　　**Defendants** : | No. 1:22-cv-01176 <br><br>(Judge Kane) |

## **MEMORANDUM**

<u>Pro se</u> Plaintiff Earl Hill ("Plaintiff"), a federal prisoner, is currently incarcerated at the Allenwood Low Security Federal Correctional Institution ("FCI Allenwood Low") in White Deer, Pennsylvania. Plaintiff has commenced the above-captioned action by filing a complaint against three (3) medical professionals based upon events that allegedly occurred while he was incarcerated at FCI Allenwood Low. Plaintiff neglected to indicate whether his claim is one brought under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Because Plaintiff has attached documents to his complaint, including a copy of a "Claim for Damage, Injury, or Death[,]" which was filed with the Federal Bureau of Prisons and is related to the same events described here (Doc. No. 1-1 at 1), the Court presumes that Plaintiff has filed his complaint under the FTCA.[1] Pursuant to the Prison Litigation Reform Act ("PLRA"),[2] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for

---

[1] To the extent that the Court has unintentionally misconstrued Plaintiff's complaint as asserting a claim under the FTCA, Plaintiff is directed to expressly clarify the nature of his action in his amended complaint and to also state facts in support of his alleged cause of action.

[2] <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

failure to state a claim upon which relief may be granted. However, the Court will afford Plaintiff an opportunity to file an amended complaint.

I.     **BACKGROUND**

On July 27, 2022, Plaintiff filed his complaint against the following individuals: (1) "Dr. Moclock" ("Moclock"), a doctor at FCI Allenwood Low; (2) "PA Piedro" ("Piedro"), a physician assistant at FCI Allenwood Low; and (3) "Dr. Ball" ("Ball"), for whom Plaintiff has not identified a workplace or current address. (Doc. No. 1 at 2-3.) Following resolution of some initial administrative matters (Doc. Nos. 3, 7), the Court received both Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 4) and his prisoner trust fund account statement (Doc. No. 8). The Court, having reviewed his motion for leave to proceed in forma pauperis, as well as his prisoner trust fund account statement, will grant his motion and deem his complaint filed.

In the complaint, Plaintiff alleges that the events giving rise to his claims began in 2020 and continued into 2021. (Doc. No. 1 at 4, 7, 9.) Plaintiff alleges that, as a result of a gastrointestinal infection, he was placed in the Special Holding Unit ("SHU") where he experienced a fever, chills, vomiting, diarrhea, abdominal pains, and dehydration. (Id. at 7.) As a result of this infection, he alleges that he also experienced dizziness and disorientation, which caused him to fall on a concrete floor. (Id.) It was later determined that he had fractured his hand. (Id.)

Despite these circumstances, Plaintiff alleges that minimal care was provided to him. (Id.) In support, he alleges that, after he was placed in a cast, his condition worsened, and he experienced a loss of sensation, strength, and use in his hand. (Id. at 8.) Plaintiff alleges that he was examined by Defendant Ball, who performed a carpal tunnel release surgery on him. (Id.)

Plaintiff alleges, however, that following this surgery, his arm swelled and that the "swelling tore the stiches and staples." (Id. (stating that his arm became "extremely discolored and swollen").)

Plaintiff alleges that, even though he is over fifty (50) years old with cardiac conditions, he was never prescribed a diuretic or antibiotic prior to his surgery. (Id. (acknowledging that he was prescribed other medications).) Plaintiff also alleges that he sent an email to his "PA[,]" which communicated that he needed bandages and for his wounds to be cleaned, as well as an email to "Medical[,]" which communicated the continued loss of function and use of his arm and that he needed diuretics and an arm sling. (Id. at 9.) Plaintiff alleges that, eventually, "the doctor" came to the "Housing Unit." (Id.) The doctor "took away the only meaningful relief with Lasik and the severe swelling returned in just hours[.]" (Id.) Plaintiff alleges that, since that time, the only post-operative physical therapy he has received is a "xeroxed copy of a wrist posture exercise." (Id.) Although Plaintiff acknowledges that in March of 2021, he was provided with a Trans Epidermal Nerve Stimulator ("TENS"), he asserts that the "staff" did not show him how to use, or otherwise provide him with instructions on the settings of, this device. (Id. (stating that "another inmate" showed him how to properly use this device).) In any event, Plaintiff asserts that the TENS device does not provide him with any relief. (Id.)

In connection with all of these allegations, Plaintiff claims that his fractured hand has caused him pain (id. at 5), as well as ongoing limitations in his "motion and function." (Id.; id. at 9-10 (stating that he is unable to "grasp, grip, carry, push & pull any items" without experiencing "radiating pain from [his] hand into [his] forearm").) As for relief, Plaintiff seeks monetary damages. (Id. at 5.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a

complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### III. DISCUSSION

#### A. The FTCA

"[T]he FTCA waives the sovereign immunity of the United States in its district courts for tort claims 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances [in which] the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Lomando v. United States, 667 F.3d 363, 372 (3d Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1) (alterations in original)). It "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'" See id. (quoting In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001)); CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (explaining that "'[t]he cause of action in an FTCA claim . . . must come from state tort law"). For that reason, "'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'" See Lomando, 667 F.3d at 372-73 (quoting In re Orthopedic, 264 F.3d at 362).

Here, Plaintiff's complaint fails to state an FTCA claim upon which relief may be granted. Plaintiff's complaint only names individual defendants—i.e., Defendants Moclock, Piedro, and Ball. Plaintiff's complaint does not name, however, the United States as a defendant, even though the United States is the only proper defendant in an FTCA action. See, e.g., Brownback v. King, 141 S.Ct. 740, 746 (2021) (explaining that, when Congress passed the FTCA, it waived the sovereign immunity of the United States, so that "parties can sue the United States directly for harms caused by its employees . . ."); CNA, 535 F.3d at 138 n.2 (stating that "[t]he Government is the only proper defendant in a case brought under the FTCA"). As such,

Plaintiff cannot maintain an FTCA claim against the named Defendants.  The Court will, therefore, dismiss Plaintiff's complaint.

### B.     Leave to Amend

The only remaining issue is whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiency identified above.  Plaintiff is advised that his amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  His amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8

of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV. CONCLUSION

To conclude, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will be afforded an opportunity to file an amended complaint. An appropriate Order follows.